IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

ENTERED

JUL 2 2 2004

ALLAN NETTLES,

      Plaintiff,

      vs.

STOVALL TURF AND INDUSTRIAL OF
ALABAMA,

      Defendant.

)
)
)
)
) CIVIL ACTION NO. 03-PWG-0208-S
)
)
)
)
)

## MEMORANDUM OF OPINION

Allan F. Nettles, plaintiff, filed this action against Stovall Turf & Industrial of Alabama, Inc., alleging that defendant violated the Family and Medical Leave Act of 1993. The parties have consented to the jurisdiction of the magistrate judge pursuant to 28 U.S.C. § 636(c) and LR 73.2. This matter is before the court on defendant's unopposed motion for summary judgment. (Doc. # 10).

"[S]ummary judgment, even when unopposed, can only be entered when 'appropriate.'" *U.S. v. One Piece of Real Property Located at 5800 SW 74th Ave., Miami, FL*, 363 F.3d 1099 (11th Cir.2004); Rule 56(e), *Federal Rules of Civil Procedure*. The Eleventh Circuit has provided guidance in reviewing unopposed motions for summary judgment:

> The district court need not *sua sponte* review all of the evidentiary materials on file at the time the motion is granted, but must ensure that the motion itself is supported by evidentiary material. ... At the least, the district court must review all of the evidentiary material submitted in support of the motion for summary judgment. ... In addition, so that there can be effective review of the case on appeal, the district court's order granting summary judgment must "indicate that the merits of the motion were addressed."

28

Nettles notified manager Carl Valin in the summer of 2000 that he needed to take a three-month leave to have back surgery. He scheduled the surgery for February 5, 2001. Some time before the scheduled surgery, plaintiff missed three days of work as a result of complications with his medication. Mr. Valin visited Nettles at his home during this period to check on him. On February 2, 2001, Nettles was terminated by Stovall because of his alleged failure to notify his employer that he had been unable to come in to work because of his reaction to the medication.

Stovall contends that it is entitled to summary judgment as a matter of law because plaintiff was not an eligible employee within the meaning of the FMLA. Under the FMLA, an "eligible employee" is an employee of a covered employer who:

> (1)   Has been employed by the employer for at least 12 months, and
>
> (2)   Has been employed for at least 1,250 hours of service during the 12-month period immediately preceding the commencement of leave, and
>
> (3)   Is employed at a worksite where 50 or more employees are employed by the employer within 75 miles of that worksite.

29 C.F.R. § 825.110(a); see also 29 U.S.C. § 2611(2)(A)-(B). For purposes of determining employee eligibility, whether 50 employees are employed within 75 miles is determined at the time the employee gives notice of the need for leave. 29 C.F.R. § 825.110(f).

According to the affidavit of Thomas C. Jones, director of operations at Stovall, during 2000 and 2001, the relevant time period in this case, Stovall Turf & Industrial employed between five and eight employees at its Alabaster, Alabama offices. Stovall Turf's parent company, Stovall & Company, Inc. is located more than 75 miles from Stovall Turf's Alabaster offices in Norcross, Georgia. Because Nettles was not employed "at a worksite where 50 or more employees are

2

employed by the employer within 75 miles of that worksite," he was clearly not an eligible employee under the FMLA.  Moreover, he cannot pursue a FMLA claim based on the denial of benefits or retaliation under the FMLA.  See *Morehardt v. Spirit Airlines, Inc.*, 174 F.Supp.2d 1272, 1281 (M.D. Fla. 2001), *but cf. Walker v. Elmore County Board of Education*, 223 F. Supp. 2d 1255, 1259 (M.D. Ala. 2002) (rejecting *Morehardt's* rigid construction and recognizing that some retaliation claims by employees not yet eligible for FMLA based upon length of service may be cognizable.)

Stovall's motion for summary judgment is due to be granted.  A final judgment consistent with this memorandum of opinion will be entered simultaneously herewith.

As to the foregoing it is SO ORDERED this the _____ 22ND _____ day of July, 2004.

_____
PAUL W. GREENE
CHIEF MAGISTRATE JUDGE

3